CHARLES J. SMITHERS, AND MILDRED J. SMITHERS, PLAINTIFFS v. TRU-PAK MOVING SYSTEMS, INC., DEFENDANT

No. COA94-1441

(Filed 20 February 1996)

**1. Ejectment § 31 (NCI4th)— notice of writ of possession of real property—attempt to deliver—sufficiency of evidence**

An attempt to deliver notice of a writ of possession of real property is sufficient notice under N.C.G.S. § 42-36.2 when, as

here, the evidence shows that the sheriff's department attempted to deliver notice of the writ two days prior to its execution and the party to be evicted has evaded or prevented the delivery of the notice.

**Am Jur 2d, Landlord and Tenant § 1008.**

**2. Documents of Title § 26 (NCI4th)— warehouseman's lien— compliance with statute**

Although the purchaser of a house at a foreclosure sale actually contracted with defendant moving company to remove plaintiffs' personal property from the house, the sheriff was the legal possessor of the household goods under a writ of possession and was the depositor of the goods so as to create a warehouseman's lien under N.C.G.S. § 25-7-209(3)(b) where the purchaser was directed by members of the sheriff's department to have the goods removed and stored.

**Am Jur 2d, Warehouses §§ 116-126.**

**3. Documents of Title § 18 (NCI4th)— inventory of goods— warehouseman's receipt**

An inventory of goods was sufficient to constitute a valid warehouse receipt against plaintiffs who have benefitted from the storage of their goods.

**Am Jur 2d, Warehouses § 44.**

**Construction and effect of UCC Art. 7, dealing with warehouse receipts, bills of lading, and other documents of title. 21 ALR3d 1339.**

**4. Conversion § 10 (NCI4th)— removal and storage of plaintiffs' personal property—compliance with statutes—no conversion**

Where the evidence sufficiently demonstrated that defendant obtained plaintiffs' personal property in accord with statutorily mandated procedures, it did not convert plaintiffs' property by removing and storing it or by refusing to return the property upon plaintiffs' tender of $100 pursuant to N.C.G.S. §§ 44A-2 and 44A-3.

**Am Jur 2d, Conversion § 164.**

**5. Costs § 25 (NCI4th)— attorney fees—award improper**

Since defendant neither prevailed nor defended under the theory that it had a Chapter 44A lien, the trial court erred by awarding attorney fees under N.C.G.S. § 44A-4.

**Am Jur 2d, Costs § 64.**

Appeal by plaintiffs from judgment entered 8 June 1994 by Judge James U. Downs in Catawba County Superior Court. Heard in the Court of Appeals 3 October 1995.

*Corne, Corne & Grant, P.A., by Robert M. Grant, Jr., and Peter R. Gruning, for plaintiffs-appellants.*

*Oma H. Hester, Jr., P.C., by Oma H. Hester, Jr., for defendant-appellee.*

LEWIS, Judge.

Plaintiffs appeal from judgment entered for defendant after a jury trial.

Evidence presented at trial showed the following:

On 1 December 1992, plaintiffs' residence at 3621 10th Street Drive NE in Hickory, North Carolina, was sold at a foreclosure sale to Mark A. Wilson. On 17 February 1993, Wilson applied for a writ of possession pursuant to N.C. Gen. Stat. section 45-21.29 (1991). The writ, issued on 18 February 1993, directed the Sheriff of Catawba County "to immediately remove" the Smithers "and their personal property from the premises" and to put Wilson in possession. Sheriff Huffman testified that he attempted to contact plaintiffs concerning the writ several times between 18 February 1993 and 3 March 1993. When he called and identified himself, the answering party would hang up. Deputy Terry Schull testified that he received the writ on 26 February 1993 and attempted to deliver notice, without success, on 1 March and 2 March 1993. He made phone calls and went to the property on these days but no one answered the phone or the door.

On the morning of 3 March 1993, Deputy Schull returned to the premises with three other deputies, telephoned the house, and knocked on the door, but, again, no one answered. When calls were made, the answering party would pick up the phone and hang up. After about an hour and a half of trying to contact plaintiffs, a locksmith was contacted to open the door. After the deputies entered the house, Ms. Smithers appeared. When she refused to receive the writ of possession, the deputies placed it at her feet. She first refused to leave the premises but eventually left at 4:00 that afternoon.

SMITHERS v. TRU-PAK MOVING SYSTEMS

[121 N.C. App. 542 (1996)]

One of the deputies told Mrs. Smithers' daughter, who was present at the home that day, that plaintiffs had the right make their own arrangements for removing the personal property from the house, but neither plaintiff made any effort to remove the property. The deputies directed Wilson to have the property removed and stored, and Wilson employed defendant for this task. The move began on 5 March 1993 and was completed on 10 March 1993. Defendant demanded that plaintiffs pay the moving and storage costs. Plaintiffs refused. In October 1993, defendant mailed notice of sale of the personal property and claimed a lien on the property. Plaintiffs made a formal tender of $100 under N.C. Gen. Stat. section 44A-2(a)(3) to satisfy the claimed lien, but this tender was rejected by defendant. However, the proposed sale did not occur.

On 18 November 1993, plaintiffs filed this action for recovery of their personal property and requested compensatory and punitive damages for conversion. On 28 January 1994 defendant answered and claimed a warehouseman's lien on the property pursuant to N.C. Gen. Stat. section 25-7-209. The case was tried before a jury, and judgment was entered for defendant on 8 June 1994. Plaintiffs appeal.

Before addressing issues raised by plaintiffs' appeal, we first note that defendant has attempted, in its brief, to challenge the trial court's order settling the record. The action of the trial court in settling a record on appeal may not be reviewed on appeal. Rather, the proper method for challenging the trial court's settlement of the record is by petition for writ of certiorari. *State v. Johnson*, 298 N.C. 355, 372, 259 S.E.2d 752, 763 (1979); *Craver v. Craver*, 298 N.C. 231, 237 n.6, 258 S.E.2d 357, 361 (1979). Since defendant has not properly raised its objection to the trial court's settlement of the record, we decline to address it.

Defendant also requests that this appeal be dismissed on the ground that the trial court erred in granting plaintiffs an extension of time to serve the record on appeal. Defendant's motion to dismiss plaintiff's appeal is not properly before us. A motion to dismiss an appeal must be filed in accord with Appellate Rule 37, not raised for the first time in the brief as defendant has done here. *Morris v. Morris*, 92 N.C. App. 359, 361, 374 S.E.2d 441, 442 (1988).

Even upon review of the court's order pursuant to our discretion under N.C.R. App. P. 2, we decline to dismiss the appeal. The record does not disclose that the trial court abused its discretion in finding good cause to grant an extension of time. Its order also complied with

the requirements of N.C.R. App. P. 27(c) and was decided in accord with the hearing requirements in N.C.R. App. P. 27(d). Defendant's motion to dismiss the appeal is denied.

The central issue in this appeal is whether the trial court erred in charging the jury that attempted delivery of notice of a writ of possession of real property is sufficient notice under N.C. Gen. Stat. section 42-36.2(d). Since our resolution of this issue affects the issues of whether defendant holds a warehouseman's lien and whether defendant converted plaintiffs' property, we address it first.

### Attempted Delivery of Notice

[1] On the issue of whether defendant converted plaintiffs' personal property, the trial court instructed the jury, in pertinent part, as follows:

> . . . If you say the statute was not followed, and that the appearance of the deputies and subsequently the moving company was there on or about the 3rd of within two days before or on the 3rd of March of 1993, and sufficient notice of that writ had not been forthcoming to the Smithers, and as a result the moving company took possession of their personal property, and have not returned it, then that would constitute conversion . . . .
>
> But on the other hand if you fail to so find or cannot say wherein the truth lies, *or find that even though notice was not delivered but it was attempted to be delivered, and that its attempt to be delivered was thwarted by some efforts of the Smithers, then you would answer that first issue [of whether there was conversion] no* . . . .

(Emphasis added).

The trial court further instructed the jury, that before considering the issue of whether defendant has a warehouseman's lien, that they must answer a special issue ("special issue number one") written as follows:

> 1. Did the sheriff of Catawba County and or any member of his office *deliver or attempt to deliver* to the plaintiffs; Charles J. Smithers and Mildred J. Smithers, a copy of a notice of a writ for possession of the premises at 3621 10th Street Driver [sic] NE more than two days before March 3, 1993?

(Emphasis added).

## SMITHERS v. TRU-PAK MOVING SYSTEMS

[121 N.C. App. 542 (1996)]

In its instructions, the trial court explained, in most pertinent part, as follows:

> And finally, . . . if you find from the evidence and by its greater weight . . . that the sheriff and/or the deputies *attempted to notify Mr. and Mrs. Smithers more than two days before March 3rd, and that attempt was circumvented or avoided because of some conduct of the Smithers, they can't escape the effect of a written notice to them by refusing to receive it or taking some actions that are tantamount to refusing to receive it when it is presented in person as a notice* . . . .

> . . . . [I]f you find from the evidence and by its greater weight that the defendant . . . has satisfied you that the sheriff of Catawba County or some member of his office did *deliver or attempted to deliver to the plaintiffs* . . . a copy of the notice of a writ for possession of the premises . . . then you'll answer that first issue [special issue number one] . . . yes in favor of the moving company and against the Smithers. If . . . you fail to so find or cannot say what the truth is, you'll answer that issue no. *And if you answer that issue no, you don't consider anymore issues on that issue sheet. But if you've answered it yes, you will go and consider whether or not the defendant . . . is entitled to a warehouseman's lien against the plaintiffs* . . . .

(Emphasis added).

The jury answered special issue number one "yes." By making a "yes" answer to this issue a prerequisite to the jury's consideration of whether defendant has a warehouseman's lien, the trial court implicitly made such notice necessary to the creation of the warehouseman's lien.

Plaintiffs' personal property was removed and stored pursuant to execution of a writ of possession of real property under N.C. Gen. Stat. section 45-21.29(k) and (l) (1991). At the time the writ was issued and executed, section 45-21.29(l) (1991) provided:

> (l) An order for possession issued pursuant to G.S. 45-21.29(k) shall be directed to the sheriff, shall authorize him to remove the party or parties in possession, and their personal property, from the premises and to put the purchaser in possession, and shall be executed in accordance with the procedure for executing a writ or order for possession in a summary ejectment proceeding under G.S. 42-36.2.  .

G.S. section 42-36.2 permits a sheriff to remove personal property pursuant to a writ of possession of real property and to store the personal property if the evicted party refuses to take possession of the personal property. This section requires the sheriff to give notice of the time the writ will be executed by one of the three following methods:

(1) By delivering a copy of the notice to the tenant or his authorized agent at least two days before the time stated in the notice for serving the writ;

(2) By leaving a copy of the notice at the tenant's dwelling or usual place of abode with a person of suitable age and discretion who resides there at least two days before the time stated in the notice for serving the writ; or

(3) By mailing a copy of the notice by first-class mail to the tenant at his last known address at least five days before the time stated in the notice for serving the writ.

G.S. § 42-36.2(d) (1994).

The trial court instructed the jury that delivery or attempt to deliver notice at least two days prior to execution of the writ could be adequate under this statute. The court gave the challenged "attempt to deliver" instruction as part of the instructions on conversion. It also gave this instruction as a special issue which the jury was required to answer before deciding if defendant had a warehouseman's lien. In at least three portions of the instructions, the trial judge explained that the attempt to deliver instruction applied only if the jury determined that the plaintiffs avoided or prevented delivery of the notice or refused to receive it.

Testimony presented at trial shows that representatives of the sheriff's department attempted to deliver notice of the writ two days prior to its execution. Sheriff Huffman testified that he and his deputies, without success, attempted to contact plaintiffs several times from 18 February 1993 when the writ was issued until 3 March 1993 when it was executed. When he called the home, the answering party would hang up when he gave his name. Deputy Terry Schull testified that he received the writ on 26 February 1993 and attempted to deliver notice, without success, on 1 March and 2 March 1993. He made phone calls and went to the premises on these days but no one answered the phone or the door. Even when the writ was executed, Ms. Smithers refused to answer the door and refused to receive the

writ when handed to her; the deputies finally delivered it by placing it at her feet.

We agree with the trial court that an attempt to deliver notice is sufficient notice under G.S. section 42-36.2 when, as here, the evidence shows that the sheriff's department attempted to deliver notice of the writ two days prior to its execution and the party to be evicted has evaded or prevented the delivery of the notice. Thus, we hold that the court did not err in so instructing the jury.

Plaintiffs further argue that, even if the attempted notice instruction was correct, the evidence does not support the jury's finding that the sheriff or his deputies attempted to deliver notice. For this reason, plaintiffs demand a new trial. We find ample evidence to support the jury's finding on this issue.

Accordingly, the trial court did not err in refusing to grant plaintiffs a new trial on this issue.

## Warehouseman's Lien

**[2]**  Plaintiffs also assert that a warehouseman's lien is not created under G.S. section 25-7-209(3)(b) if notice of execution of the writ does not conform strictly to statutory notice requirements. G.S. section 25-7-209, in pertinent part, creates a warehouseman's lien as follows:

(1) A warehouseman has a lien against the bailor on the goods covered by a warehouse receipt or on the proceeds thereof in his possession for charges for storage or transportation . . . , insurance, labor, or charges present or future in relation to the goods, and for expenses necessary for preservation of the goods or reasonably incurred in their sale pursuant to law . . . .

\* \* \* \*

(3)(b) A warehouseman's lien on household goods for charges and expenses in relation to the goods under subsection (1) is also effective against all persons *if the depositor was the legal possessor of the goods at the time of the deposit.* "Household goods" means furniture, furnishings and personal effects used by the depositor in a dwelling.

G.S. § 25-7-209 (1995) (emphasis added).

Appellants assert that neither Wilson nor the Sheriff was a legal possessor of the goods at the time of the deposit with defendant as

defined under subsection 3(b) and, consequently, there is no warehouse lien effective against plaintiffs. Although Wilson actually contracted with defendants, the transcript evidence shows that he did so at the request of the deputies. Since the deputies exercised authority and control over the depositing of the goods with defendant, the sheriff was the depositor of the goods as defined in G.S. section 25-7-209(3)(b). We also conclude that the sheriff was a legal possessor of the goods based on our previous determination that attempted notice is sufficient under these facts.

[3] Plaintiffs also request a new trial on the ground that the trial court erred by instructing the jury that an inventory of goods is sufficient to constitute a valid warehouse receipt. The court instructed the jury, in pertinent part, as follows:

> If you find from the evidence and by its greater weight that an inventory was given to the Smithers by Tru-Pak of the goods they took, that would be sufficient for a receipt of the goods.

A warehouse receipt is defined in North Carolina's version of the Uniform Commercial Code ("UCC") as "a receipt issued by a person engaged in the business of storing goods for hire." N.C. Gen. Stat. § 25-1-201(45) (1995). In *Tate v. Action Moving & Storage*, this Court held that a household goods descriptive inventory "was sufficient to constitute a warehouse receipt" for the purpose of holding a warehouseman responsible for its actions. *Tate v. Action Moving & Storage*, 95 N.C. App. 541, 546, 383 S.E.2d 229, 232 (1989), *disc. review denied*, 326 N.C. 54, 389 S.E.2d 104 (1990). The inventory issued in *Tate* listed each item and its condition, the owner's name, the origin loading address, and was signed and dated by the warehouseman's agent and driver. *Id*. The *Tate* court noted that the document issued was probably irregular as a warehouse receipt, but that this irregularity did not relieve the warehouseman of its duties. *Id*. at 546-47, 383 S.E.2d at 232-33.

Plaintiffs contend that the *Tate* court reached this result only for the purposes of holding a warehouseman responsible for its actions. They assert that a document that omits items set out in N.C. Gen. Stat. section 25-7-202 is not a valid lien for the purposes of enforcing a lien against plaintiffs as property owners. We disagree. G.S. section 25-7-202 does not require that all of the listed terms be included for a warehouse receipt to be valid. In fact, this section explicitly provides that "[a] warehouse receipt need not be in any particular form." G.S. § 25-7-202(1) (1995). Rather, G.S. section 25-7-202 simply provides that, to the extent that a warehouseman omits terms listed in G.S. sec-

tion 25-7-202, it is liable for damages caused by the omission of those terms.

Defendant stored plaintiffs' property for plaintiffs' benefit as a result of plaintiffs' refusal to take possession of the property themselves when the writ was executed. Under *Tate*, once the inventory was issued, defendant became responsible to plaintiffs in regard to the goods. Since the inventory is valid as a warehouse receipt as against defendant, principles of fairness dictate that it should also be valid as a warehouse receipt against plaintiffs who have benefitted from the storage of their goods. Thus, we hold there was no error in the trial court's jury instructions on this issue.

### Conversion

**[4]** Plaintiffs also assert that the trial court erred by denying their motions for directed verdict and for judgment notwithstanding the verdict, and in the alternative for a new trial, on the issue of conversion. Conversion is "an unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another, to the alteration of their condition or the exclusion of an owner's rights." *Peed v. Burleson's Inc.*, 244 N.C. 437, 439, 94 S.E.2d 351, 353 (1956) (quoting C.J.S., *Trover & Conversion*, sec. 1). Plaintiffs claim that defendant has converted their personal property by removing, storing, and refusing to return the property upon plaintiffs' tender of $100 under N.C. Gen. Stat. sections 44A-2 and 44A-3.

The evidence at trial was sufficient to show that the sheriff took possession of plaintiffs' personal property pursuant to authority conferred by G.S. sections 45-21.29(1) and 42-36.2. G.S. section 42-36.2(b) permits the sheriff to remove the personal property of an evicted tenant when executing a writ for possession of real property and requires the evicted tenants to take possession of their personal property. If the tenants fail to take possession of their property, the statute permits the sheriff to deliver the property to a storage warehouse. We have already determined that the notice given was sufficient. Since the evidence sufficiently demonstrates that defendant obtained plaintiffs' personal property in accord with these statutorily mandated procedures, it did not convert plaintiffs' property by removing and storing it.

Defendant's refusal to return the property upon plaintiffs' tender of $100 also does not constitute conversion. Plaintiffs made their tender pursuant to G.S. sections 44A-2 and 44A-3. Chapter 44A, Article 1,

of the General Statutes creates statutory possessory liens on certain personal property and provides a means for a person with interest in the property to recover it upon the payment of the amount secured by the lien. However, the lien claimed by defendant here is a warehouseman's lien created pursuant to North Carolina's version of Article 7 of the UCC. As discussed above, defendant's warehouseman's lien is valid. In *Tate*, we opined that any rights the defendant warehouseman had were to be analyzed as a warehouseman's lien under Chapter 25, Article 7 rather than as a possessory lien under Chapter 44A. *Tate*, 95 N.C. App. at 545, 383 S.E.2d at 231-32.

We draw the same conclusion here. A warehouse receipt is a document of title. N.C. Gen. Stat. § 25-1-201(15). Under Article 7 of the UCC, a person claiming goods covered by a document of title must satisfy the bailee's lien when the bailee requests satisfaction in order to recover the goods. N.C. Gen. Stat. § 25-7-403(2) (1995). A warehouseman's lien covers storage and transportation charges, insurance, labor, present or future charges in relation to the goods, and expenses necessary for preserving the goods or reasonably incurred in their lawful sale. G.S. § 25-7-209(1). The evidence shows that defendant demanded payment of the charges and the jury found that defendant was entitled to recover charges in the amount of $30,215.62, an amount well in excess of the $100 tendered by plaintiffs. Defendant did not convert plaintiffs' property by refusing to return the property upon plaintiffs' tender of $100.

Accordingly, the trial court did not err by refusing to grant a directed verdict, judgment notwithstanding the verdict, or a new trial to plaintiffs on the issue of conversion.

### Attorney's Fees

[5] Plaintiffs also assert that the trial court erred in awarding attorney's fees to defendant pursuant to N.C. Gen. Stat. section 44A-4. G.S. section 44A-4(a) (1995) provides, in pertinent part, that

The owner or person with whom the lienor dealt may at any time following the maturity of the obligation bring an action in any court of competent jurisdiction as by law provided . . . . In the event an action by the owner pursuant to this section is heard in district or superior court, the substantially prevailing party in such court may be awarded a reasonable attorney's fee in the discretion of the judge.

Although plaintiffs did allege in their complaint that defendants converted their property by refusing to return the property upon their tender of $100 under G.S. section 44A-2(a)(3), defendant did not defend on the grounds that it had a lien pursuant to Chapter 44A, but rather claimed a UCC, Article 7 warehouseman's lien which required satisfaction of charges well in excess of the $100 tendered. The trial transcript reveals that the issue of whether defendant converted plaintiffs' property by refusing to return it under Chapter 44A upon plaintiffs' payment of $100 was not submitted to the jury in the jury instructions or on the verdict sheet and was not emphasized by the parties at trial. Since defendant has neither prevailed nor defended under the theory that it has a Chapter 44A lien, the trial court erred by awarding attorney fees under G.S. section 44A-4.

As for plaintiffs' assignments of error numbers one, two, and seven, these are deemed abandoned. N.C.R. App. P. 28 (1996).

For the reasons stated, we reverse the award of attorney's fees to defendant and hold no error on all of plaintiffs' other assignments of error.

Judges WALKER and MARTIN, Mark D. concur.