KOR XIONG, PLAINTIFF v. INGRID DIANE MARKS, DEFENDANT

No. COA08-52

(Filed 18 November 2008)

**1. Appeal and Error— preservation of issues—motion in limine—closing argument—no offer of proof**

Plaintiff did not preserve for appellate review the question of whether the trial court erred by denying his motion in limine requesting permission to use a poster-size copy of Rule 35 during his closing argument where he did not seek to make an offer of proof during trial. A ruling on a motion in limine is not sufficient to preserve an issue for appeal because it is preliminary and subject to change, and this rule has been applied to closing arguments.

**2. Evidence— motion in limine—pretrial conference—agreement between attorneys—assignment of error dismissed**

An assignment of error was dismissed in an automobile accident case where the plaintiff's counsel entered into a bargain with opposing counsel at the pretrial conference regarding the admission of certain evidence, received the benefit of that bargain, and cannot now be considered aggrieved. Furthermore, the appellate court does not second-guess trial strategy.

**3. Appeal and Error— preservation of issues—exclusion of evidence—offer of proof required**

An appellate argument was dismissed in an automobile accident case where plaintiff contended that the trial court improperly excluded evidence of his financial status at the time of the accident but did not make the required offer of proof.

**4. Appeal and Error— motion for new trial—first raised in brief—sua sponte consideration of jurisdiction**

Defendant's motion to dismiss plaintiff's appeal from a Rule 59 ruling was denied where defendant did not file a separate motion but raised it for the first time in her brief. However an appellate court has the power to inquire into the jurisdiction of a case before it at any time, even sua sponte.

**5. Civil Procedure— motion for new trial—filed before entry of judgment**

A Rule 59 motion for a new trial may be filed before entry of judgment, but the trial court does not have jurisdiction to hear and determine the motion until after entry of judgment.

**6. Negligence— new trial denied—medical evidence of causation—not conclusive—credibility for jury**

The trial court did not abuse its discretion by denying plaintiff a new trial in an automobile accident case pursuant to Rule 59(a)(7) where plaintiff contended that his medical testimony was conclusive and that the jury could not have reasonably found in defendant's favor on the evidence before it. The credibility of the evidence is for the jury, and plaintiff's expert testimony left some room for doubt regarding the cause of plaintiff's condition.

**7. Civil Procedure— new trial on evidence issues denied— sufficient objection—offer of proof required**

The trial court did not err by denying plaintiff a new trial under Rule 59(a)(8) on two evidentiary issues in an automobile accident case where plaintiff did not make an offer of proof. An offer of proof is required to constitute a sufficient objection under Rule 59(a)(8) when the error alleged is the exclusion of evidence.

Appeal by plaintiff from judgment entered on or about 7 September 2007 and order entered 18 September 2007 by Judge John O. Craig, III in Montgomery County Superior Court. Heard in the Court of Appeals 19 August 2008.

*Van Laningham & Associates, PLLC by R. Bradley Van Laningham, for plaintiff-appellants.*

*Teague, Rotenstreich, Stanaland, Fox & Holt, by Paul A. Daniels, for defendant-appellees.*

STROUD, Judge.

Plaintiff Kor Xiong appeals from the judgment dismissing his complaint with prejudice pursuant to a jury verdict on 7 September 2007 and from the order denying a new trial entered 18 September 2007. On appeal, plaintiff argues that the trial court erred by: (1) "improperly forc[ing] plaintiff to choose between excluding relevant evidence regarding his injury or letting in irrelevant evidence that no other person reported injury as a result of the wreck[;]" (2) "improperly refus[ing] to allow plaintiff to show the jury a copy of Rule 35[;]" (3) "refus[ing] to allow plaintiff to testify that he delayed seeking treatment for financial reasons[;]" and (4) failing to grant a new trial when "[t]here was insufficient evidence to justify the verdict" and evidence was excluded from the trial "contrary to law." For the following reasons, we affirm.

I. Factual and Procedural Background

On 18 June 2005 Kor Xiong ("plaintiff") was riding in the back seat of a motor vehicle operated by his nephew, Xeng Pao Vang. When Vang stopped on Highway 73 near Mt. Gilead to wait for traffic to pass before making a left turn, a vehicle operated by Ingrid Diane Marks ("defendant") struck Vang's vehicle from behind. Trooper Dale Walter arrived at the scene following the collision. Trooper Walter completed an accident report ("the accident report").

On 13 July 2005, nearly a month after the accident, plaintiff sought medical treatment at Stanly Memorial Hospital. The treating physician at the hospital diagnosed plaintiff as having "facial nerve palsy" and "neck and back pain secondary to trauma." The next day, 14 July 2005, plaintiff was seen by Dr. John Kilde, an ear, nose & throat specialist. Dr. Kilde confirmed the earlier diagnosis of facial nerve palsy and prescribed prednisone and eye ointment.

On 7 June 2006 plaintiff filed a complaint in Superior Court, Montgomery County, alleging personal injury resulting from the 18 June 2005 collision. In an answer filed on or about 18 September 2006, defendant admitted that she failed to reduce her speed as she approached Vang's vehicle and conceded she was "careless in the operation of her vehicle." However, defendant denied that the collision was the proximate cause of plaintiff's injuries.

On or about 21 August 2007 plaintiff filed a document containing six motions in limine. The first four motions are not at issue in this appeal. The fifth motion sought permission to use an enlarged copy of

Rule 35 of the North Carolina Rules of Civil Procedure during closing arguments. The sixth motion sought to prohibit defendant from "asking witnesses other than Plaintiff if they or anyone else in the collision was injured." By a written notation at the bottom of the document, the trial court granted the first four motions, denied the fifth, and granted the sixth, with some modification "by consent of atty's[.]"

The case was tried before a jury in Montgomery County Superior Court on 20 and 21 August 2007. The jury returned a verdict in favor of defendant on 21 August 2007. On 27 August 2007, plaintiff filed a motion for new trial pursuant to Rule 59. Judgment pursuant to the jury verdict was entered on 7 September 2007. Following a hearing on 10 September 2007, the trial court entered an order on 18 September 2007 denying plaintiff's motion for a new trial. Plaintiff appeals.

## II. Motions in Limine

### A. Use of Rule 35 During Closing Arguments

**[1]** Plaintiff argues that the trial court improperly denied his motion *in limine* requesting permission to show the jury a poster-size copy of Rule 35 during closing arguments. However, plaintiff did not seek to offer the poster at trial.

A ruling on a motion *in limine* is "merely preliminary" and not final. *State v. Hill*, 347 N.C. 275, 293, 493 S.E.2d 264, 274 (1997), *cert. denied*, 523 U.S. 1142, 140 L. Ed. 2d 1099 (1998). A trial court's ruling on a motion *in limine* is "subject to change during the course of trial, depending upon the actual evidence offered at trial." *Hill*, 347 N.C. at 293, 493 S.E.2d at 274 (citation and quotation marks omitted). For this reason, "a motion *in limine* is insufficient to preserve for appeal the question of the admissibility of evidence." *State v. Conaway*, 339 N.C. 487, 521, 453 S.E.2d 824, 845, *cert. denied*, 516 U.S. 884, 133 L. Ed. 2d 153 (1995). It follows that

[a] party objecting to an order granting or denying a motion *in limine*, in order to preserve the evidentiary issue for appeal, is required to object to the evidence at the time it is offered at the trial (where the motion was denied) or attempt to introduce the evidence at the trial (where the motion was granted).

*Hill*, 347 N.C. at 293, 493 S.E.2d at 274 (citation and quotation marks omitted).

This Court has applied this rule to closing arguments even though they are not evidence. *State v. Williams*, 127 N.C. App. 464, 468-69,

490 S.E.2d 583, 586-87 (1997) (declining to consider alleged impropriety in the State's closing argument when the defendant moved *in limine* to prevent the State from including certain statements during closing and the State included those statements in its closing argument but defendant did not object). Accordingly, we conclude that plaintiff waived appellate review of this issue when he failed to make an offer of proof of an enlarged copy of Rule 35 to the trial court during trial. This assignment of error is dismissed.

B. ·Evidence of Other Person's Injury or Lack Thereof

**[2]** Plaintiff moved *in limine* to prohibit defendant from "asking witnesses other than Plaintiff if they or anyone else in the collision was injured" on the grounds that "[e]vidence of another person's injury or lack thereof . . . is . . . irrelevant under Rule 401." Plaintiff contends the trial judge erred in response to this motion when he (1) "*ruled* . . . that he would exclude evidence as to the injury status of people other than Plaintiff only if Plaintiff agreed to redact the injury code showing that Plaintiff reported injury to the Trooper at the scene of the accident" and (2) "*forced* Plaintiff to either redact relevant and properly admissible evidence of Plaintiff's report of injury at the accident scene or agree to allow irrelevant and prejudicial evidence as to the supposed injury status of others." (Emphasis added.)

However, plaintiff's contention does not square with the record on appeal. The record shows that before the trial court's ruling on the motion, the parties' attorneys discussed the issue and their forecasts of evidence with the trial judge at a pre-trial conference. After the discussion, according to the trial court's notation at the bottom of the motion *in limine*, the parties modified the motion by mutual consent. While it would have been extremely helpful to our review if the parties had expressly stipulated on the record to the provision that they consented to, we can reasonably infer from the record that defendant agreed to refrain from "asking witnesses other than Plaintiff if they or anyone else in the collision was injured" in exchange for plaintiff agreeing to redact all the injury codes from the accident report. At trial, plaintiff did redact the injury codes before introducing the accident report into evidence, and defendant refrained from asking whether anyone else had been injured in the accident.

Our statutory mandate is to review rulings of the trial court which aggrieve the party seeking review. *See* N.C. Gen. Stat. § 1-277 (2007) (allowing appeal only from a "judicial order or determination"); N.C. Gen. Stat. § 1-271 (2007) (allowing appeal only by an aggrieved party);

N.C.R. App. P. 10(b)(1) ("In order to preserve a question for appellate review, . . . the complaining party [must] *obtain a ruling* [from the trial court] upon the party's request, objection or motion."); *see also Fayetteville Publ'g Co. v. Advanced Internet Tech., Inc.*, 192 N.C. App. ——, ——, 665 S.E.2d 518, 522 (2008) ("The trial judge's comments during the hearing . . . are not controlling; the written court order as entered is controlling.").

In the case *sub judice*, plaintiff speculated as to evidence which might be offered by defendant at trial and requested a preliminary ruling from the trial court to exclude that evidence. The trial court then reviewed the parties' forecasts of evidence, and determined preliminarily, subject to a final determination after the presentation of evidence at trial, that evidence of other persons' injuries or lack thereof would be relevant only if plaintiff introduced into evidence the accident report which contained the injury codes. *See, e.g., State v. Albert*, 303 N.C. 173, 177, 277 S.E.2d 439, 441 (1981) ("Where one party introduces evidence as to a particular fact or transaction, the other party is entitled to introduce evidence in explanation or rebuttal thereof, even though such latter evidence would be incompetent or irrelevant had it been offered initially."). Plaintiff and defendant then reached an agreement—defendant would not seek to put on evidence of the lack of injury to other passengers in the car and plaintiff would redact the injury codes from the accident report. At trial, both parties abided by the pre-trial agreement.

Plaintiff in effect sought to "fish in [the] judicial pond[] for legal advice." *National Travel Servs., Inc. v. State ex rel. Cooper*, 153 N.C. App. 289, 294, 569 S.E.2d 667, 670 (2002) (citation and quotation marks omitted) (disapproving the use of a declaratory judgment action to determine prospectively whether a certain act would violate an injunction). Plaintiff's counsel weighed the advice and made a conscious trial strategy decision to redact the injury codes from the accident report in order to keep from opening the door to defendant presenting evidence of the lack of injuries to others that the jury might well have considered persuasive against plaintiff. Plaintiff lived up to his end of the bargain at trial, as did defendant.

Plaintiff has therefore not presented a question which can be reviewed by this Court. The record contains no order or ruling of the trial court "forcing" plaintiff to redact the injury codes. Plaintiff cannot be considered aggrieved by the trial court when he consciously made a bargain with defendant and then received the benefit of it. Furthermore, this Court does not second-guess matters of trial strat-

egy. *See State v. Prevatte*, 356 N.C. 178, 236, 570 S.E.2d 440, 472 (2002) ("Decisions concerning which defenses to pursue are matters of trial strategy and are not generally second-guessed by this Court."), *cert. denied*, 538 U.S. 986, 155 L. Ed. 2d 681. Accordingly, we dismiss this assignment of error.

### III. Exclusion of Evidence of Plaintiff's Finances

**[3]** In his next argument, plaintiff contends that the trial court improperly excluded evidence of his financial status at the time of the accident. We disagree.

On direct examination plaintiff's counsel asked and plaintiff answered, without objection from defendant, questions as to plaintiff's age and marital status. When plaintiff's counsel asked plaintiff what his wages were at the time of the accident, defendant's counsel objected to the question on relevancy grounds. The trial court allowed the question and answer concerning plaintiff's wages. Defendant requested a bench conference to discuss the admissibility of further evidence of plaintiff's financial condition. The bench conference was not transcribed by the court reporter, but the record includes a narrative per N.C.R. App. P. 9(c):

> Plaintiff argued that the jury needed to understand that plaintiff was young, married and made only $8.50 per hour. Plaintiff argued to Judge Craig that this was very relevant evidence as it explains why plaintiff waited for several weeks before seeking medical attention despite his symptoms. Defendant argued that . . . evidence of plaintiff's ability to pay medical bills [was prohibited by] the "reverse collateral source" [rule].[1]

After hearing from both parties, the trial court instructed plaintiff's counsel not to ask further questions regarding plaintiff's financial status.

On appeal, plaintiff argues Judge Craig ruled at the bench that Plaintiff could not present evidence of Plaintiff's inability to pay medical bills or financial hardship to explain his delay in treat-

---

1. We wish to emphasize that our ruling in defendant's favor *sub judice* does not imply recognition of a "reverse collateral source rule" in any way. As far as we can tell, no such rule exists. While the well-established "collateral source rule" excludes evidence that the plaintiff's injury was compensated from another source, *Badgett v. Davis*, 104 N.C. App. 760, 763, 411 S.E.2d 200, 202 (1991), *disc. review denied*, 331 N.C. 284, 417 S.E.2d 248 (1992), we are not aware of a "reverse collateral source rule" which categorically excludes evidence of a plaintiff's overall financial condition or lack of another source for compensation for his injuries.

· ment. Judge Craig also ruled that Plaintiff could not present evidence of Plaintiff's other financial obligations at the time of the accident.

In a civil case, appellate review is limited to questions actually presented to and ruled on by the trial court. N.C.R. App: P. 10(b)(1), *Rhyne v. K-Mart Corp.*, 149 N.C. App. 672, 690, 562 S.E.2d 82, 95 (2002) ("It is a long-standing rule that a party in a civil case may not raise an issue on appeal that was not raised at the trial level."), *aff'd*, 358 N.C. 160, 190, 594 S.E.2d 1, 21 (2004). Additionally, "a party must preserve the exclusion of evidence for appellate review by making a specific offer of proof unless the significance of the evidence is ascertainable from the record." *In re Dennis v. Duke Power Co.*, 341 N.C. 91, 102, 459 S.E.2d 707, 714 (1995).

The record contains no indication that plaintiff made an offer of proof as to any evidence of plaintiff's financial condition beyond evidence that he was young, married, and earned only $8.50 per hour. In fact, plaintiff's argument to the trial judge in favor of admission of evidence of plaintiff's financial condition, quoted above, sought only the admission of evidence of exactly those three facts. Evidence that plaintiff was young and married was admitted without objection by defendant; evidence of plaintiff's hourly wage was admitted over defendant's objection. Because evidence as to all three items requested by plaintiff was before the jury and because plaintiff failed to make an offer of proof as to any further evidence of defendant's financial condition we conclude that there is nothing for this Court to review. Accordingly, we dismiss this argument.

IV. Plaintiff's Rule 59 Motion

A. Jurisdiction

[4] As a threshold matter, defendant moves this Court to dismiss plaintiff's appeal from the trial court's denial of plaintiff's Rule 59 motion on the grounds that plaintiff's motion for new trial was filed before judgment was entered, and therefore not properly before the trial court. However, defendant did not file a separate motion to dismiss plaintiff's appeal, first raising this issue in her brief. Accordingly, defendant's motion to dismiss plaintiff's appeal from the trial court's Rule 59 ruling is denied. *Smithers v. Tru-Pak Moving Systems*, 121 N.C. App. 542, 545, 468 S.E.2d 410, 412 ("A motion to dismiss an appeal must be filed in accord with Appellate Rule 37, not raised for the first time in the brief[.]"), *disc. review denied*, 343 N.C. 514, 472 S.E.2d 20 (1996).

However, an appellate court has the power to inquire into jurisdiction in a case before it at any time, even *sua sponte. Hedgepeth v. N.C. Div. of Servs. for the Blind,* 142 N.C. App. 338, 341, 543 S.E.2d 169, 171 (2001). Jurisdiction is the "power to hear and determine causes." *McCullough v. Scott,* 182 N.C. 865, 871, 109 S.E. 789, 793 (1921) (citation and quotation marks omitted). The question of whether a trial court has jurisdiction to hear and determine a Rule 59 motion for new trial which was filed before the entry of judgment appears to be an issue of first impression in North Carolina. Rule 59 requires that "[a] motion for a new trial shall be served *not later than 10 days after* entry of the judgment[,]" but does not speak directly to whether a motion for new trial may be filed before entry of judgment. N.C. Gen. Stat. § 1A-1, Rule 59(b).

[5] A case from this Court, *Watson v. Dixon,* states that "Rules 50 and 59 of our Rules of Civil Procedure implicitly provide that these post-trial motions cannot be filed until after entry of judgment. . . . Thus, [the oral motions for j.n.o.v. and new trial] were not properly before the trial court as post-trial motions under Rules 50 and 59." 130 N.C. App. 47, 51, 502 S.E.2d 15, 19 (1998), *reaff'd on reh'g,* 132 N.C. App. 329, 511 S.E.2d 37 (1999), *aff'd,* 352 N.C. 343, 532 S.E.2d 175 (2000). However, this language in *Watson* appears to be dicta because the dispositive question was whether the 30-day time period for filing notice of appeal pursuant to Rule 3(c) of the North Carolina Rules of Appellate Procedure began to run when the order denying the motion for new trial was rendered in open court, or began to run when the written order denying the motion was entered. Rule 3 plainly states that the 30-day period begins to run "from the date of *entry* of the order[.]" N.C.R. App. P. 3(c)(3). Furthermore, a requirement that a Rule 59 motion for new trial may not be made until after entry of judgment is contrary to practice in our trial courts and to the greater weight of authority in federal cases addressing this question.[2]

The federal circuits appear to be generally in accord as to this issue, holding that a motion for new trial may be filed before entry of judgment. *See Dunn v. Truck World, Inc.,* 929 F.2d 311, 313 (7th Cir. 1991) ("If . . . the question [is whether the loser may file a motion for new trial] before the entry of judgment, then the answer is easy. It

---

2. "The North Carolina Rules of Civil Procedure are, for the most part, verbatim recitations of the federal rules. Decisions under the federal rules are thus pertinent for guidance and enlightenment in developing the philosophy of the North Carolina rules." *Turner v. Duke University,* 325 N.C. 152, 164, 381 S.E.2d 706, 713 (1989) (citations omitted).

may. Rule 59 says that the motion must come 'not later than 10 days after entry of the judgment.' A pre-judgment motion satisfies this requirement."); *Douglas v. Union Carbide Corp.*, 311 F.2d 182, 184-85 (4th Cir. 1962) ("The wording of Rule 59(b) was designed to be broad enough to permit the motion to be made both before and after the entry of judgment. . . . [W]e think the defendant's motion to set aside the verdicts and grant a new trial [made before entry of judgment] was timely made and was in substantial compliance with the pertinent Federal Rules of Civil Procedure."); *see also Lewis v. U. S. Postal Service*, 840 F.2d 712, 713-14 (9th Cir. 1988) (motion to reconsider pursuant to Rule 59(e) was timely when filed before the entry of judgment); Fed. R. Civ. P. 59 advisory committee's note, 161 F.R.D 160 (1995) ("The phrase 'no later than' [in Rule 59] is used—rather than 'within'—to include post-judgment motions that sometimes are filed before actual entry of the judgment by the clerk."); 11 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2812 at 135 (2d ed. 1995) ("[T]here is nothing to prevent making a motion for a new trial before judgment has been entered."). *But see Stephenson v. Calpine Conifers II, Ltd.*, 652 F.2d 808, 812 (9th Cir. 1981) ("[W]e do not think a Rule 59(e) motion could have been entertained [in this case]. Our conclusion in this regard is based on the fact that no judgments were ever entered in favor of [defendants], and on the language of Rule 59(e), which we think clearly contemplates entry of judgment as a predicate to any motion."); *Pedigo v. Unum Life Ins. Co. of America*, 180 F.R.D. 324, 328 (E.D. Tenn. 1997) (citing Rule 59 and declaring plaintiff's motion for new trial a nullity because it was filed before entry of judgment but subsequently denying the motion on its merits), *aff'd on other grounds*, 145 F.3d 804 (6th Cir. 1998).

We reconcile *Watson* with the federal authorities by concluding that though a motion for new trial may be *filed* before entry of judgment, the trial court does not have jurisdiction to hear and determine the motion until after entry of judgment. As *Stephenson* cautioned, "were we to permit Rule 59(e) motions without entry of judgment, litigants could obtain appellate review of partial judgments by simply appealing a Rule 59(e) order, completely by-passing the requirements [that only final judgments may be appealed from.]" 652 F.2d at 811. This caution is well-taken when the trial court rules on a motion for a new trial or to alter or amend a judgment prior to entry of judgment in the cause. However, no such concern arises here because the trial court first entered the judgment on 7 September 2007, then heard the Rule 59 motion on 10 September 2007 and entered the order denying a new trial on 18 September 2007. Therefore we conclude that the

trial court had jurisdiction and the motion for new trial was properly before the trial court. Accordingly, we will review on the merits the order denying plaintiff's motion for a new trial.

B. Standard of Review

**[6]** The standard of review for denial of a Rule 59 motion is well-settled:

> According to Rule 59, a new trial *may* be granted for the reasons enumerated in the Rule. By using the word *may*, Rule 59 expressly grants the trial court the discretion to determine whether a new trial should be granted. Generally, therefore, the trial court's decision on a motion for a new trial under Rule 59 will not be disturbed on appeal, absent abuse of discretion. [This Court] recognize[s] a narrow exception to the general rule, applying a *de novo* standard of review to a motion for a new trial pursuant to Rule 59(a)(8), which is an error in law occurring at the trial and objected to by the party making the motion.

*Greene v. Royster*, 187 N.C. App. 71, 77-78, 652 S.E.2d 277, 282 (2007) (citations, quotation marks, brackets and footnote in original omitted) (emphasis added).

C. Motion Pursuant to Rule 59(a)(7)

Plaintiff contends the trial court improperly denied his motion for a new trial because the evidence was insufficient to justify the jury's verdict. Plaintiff argues that the testimony of plaintiff's designated expert witness, Dr. Kilde, was unequivocal and conclusive. Plaintiff contends that because defendant did not put forth any evidence, the testimony of Dr. Kilde was determinative and the jury could not reasonably have found in defendant's favor on the evidence before it. We disagree.

A motion for new trial pursuant to Rule 59(a)(7) does not involve a question of law, therefore it is reviewed for abuse of discretion. *Greene*, 187 N.C. App. at 77-78, 652 S.E.2d at 282. The trial court may be reversed for abuse of discretion "only upon a showing that its actions are manifestly unsupported by reason." *Davis v. Davis*, 360 N.C. 518, 523, 631 S.E.2d 114, 118 (2006) (citations and quotation marks omitted). In ruling on a Rule 59(a)(7) motion, the trial court should "set aside a jury verdict only in those exceptional situations where the verdict will result in a miscarriage of justice[,]" *Strum v. Greenville Timberline, LLC*, 186 N.C. App. 662, 667, 652 S.E.2d 307, 310 (2007) (citation, quotation marks and ellipses omitted), because

XIONG v. MARKS

[193 N.C. App. 644 (2008)]

"[i]t is the jury's function to weigh the evidence and to determine the credibility of witnesses[.]" *Id.* (citation and quotation marks omitted).

"Even though evidence is uncontradicted, the credibility of the evidence is exclusively for the jury." *Coltrane v. Lamb*, 42 N.C. App. 654, 658, 257 S.E.2d 445, 447 (1979). Furthermore, the jury is allowed to "minimize or wholly disregard the testimony given by plaintiffs' medical experts" if they do not find it credible. *Albrecht v. Dorsett*, 131 N.C. App. 502, 506, 508 S.E.2d 319, 322 (1998). In *Albrecht*, the defendant did not bring forth an expert to contradict the testimony of the plaintiff's expert, but on cross-examination the plaintiff's experts gave contradicting responses to their direct testimony. *Id.*

Contrary to plaintiff's argument, Dr. Kilde's testimony was not unequivocal. Dr. Kilde testified in a deposition that was shown to the jury at trial regarding the causes of facial nerve palsy and his examination of plaintiff as follows: Plaintiff was diagnosed with facial nerve palsy, which is commonly known as Bell's Palsy. Facial nerve palsy may be idiopathic, meaning it occurs via virus without reason, or it may be trauma-induced. Dr. Kilde testified that he could not differentiate between a "classic viral Bell's Palsy" and a "traumatic Bell's Palsy" on a physical exam. Dr. Kilde testified that there was no evidence plaintiff sustained any fractures to his skull. Dr. Kilde did not definitively state that plaintiff's facial nerve palsy was caused by the accident. On cross-examination Dr. Kilde admitted that the majority of Bell's Palsy cases are not related to traumas.

While Dr. Kilde's testimony on cross-examination did not directly contradict his previous statements, it did leave room for doubt regarding the cause of plaintiff's nerve palsy, doubt which the jury was free to resolve in defendant's favor. The equivocal testimony of Dr. Kilde together with evidence that defendant waited almost a month to seek medical treatment was sufficient to justify the jury's verdict that defendant's actions were not the cause of plaintiff's injuries. Even though reasonable minds might have differed as to the cause of plaintiff's injuries, the trial court's denial of the motion for new trial did not constitute an abuse of discretion. *Coltrane*, 42 N.C. App. at 658, 257 S.E.2d at 447-48.

D. Motion pursuant to Rule 59(a)(8)

[7] Plaintiff claims the trial court erred in not granting his motion for new trial on the basis of two evidentiary issues: "[p]laintiff [(1)] was forced to redact information from evidence contrary to law and [(2)]

was not allowed to testify as to his reasons for not seeking treatment immediately following the accident." He contends that a trial court's evidentiary rulings are questions of law; therefore the evidentiary rulings should be reviewed *de novo*. However, we do not reach the merits of either evidentiary question.

Rule 59(a)(8) provides that a new trial may be granted if an "error in law occurr[ed] at the trial and [was] *objected to* by the party making the motion." N.C. Gen. Stat. § 1A-1, Rule 59(a)(8) (emphasis added). It is well-settled that "a party must preserve the exclusion of evidence for appellate review by making a specific offer of proof unless the significance of the evidence is ascertainable from the record." *Dennis*, 341 N.C. at 102, 459 S.E.2d at 714. Applying the rule and reasoning of *Dennis* to Rule 59, we conclude that an offer of proof is required to constitute a sufficient objection under Rule 59(a)(8) when the error alleged is the exclusion of evidence.

However, plaintiff "made no offer of proof as to the other testimony he contends was erroneously excluded by the trial court." *Nunn v. Allen*, 154 N.C. App. 523, 530, 574 S.E.2d 35, 40 (2002), *disc. review denied*, 356 N.C. 675, 577 S.E.2d 630 (2003). Plaintiff did not offer Trooper Walter's unredacted accident report into evidence at trial. Likewise, plaintiff made no offer of proof as to any evidence of his financial condition other than what had already been admitted by the trial court. Absent a sufficient objection pursuant to Rule 59(a)(8) we conclude the trial court did not err when it failed to grant plaintiff a new trial on either of his evidentiary grounds.

## V. Conclusion

We conclude that plaintiff did not preserve for appellate review any of his assignments of error arising from the trial. As to his Rule 59 motion, we conclude that the trial court did not abuse its discretion when it denied plaintiff a new trial on the grounds that there was insufficient evidence to support the jury's verdict or err when it failed to grant plaintiff a new trial on evidentiary grounds. Accordingly, the judgment and order of the trial court are affirmed.

Affirmed.

Judge McCULLOUGH concurs.

Judge McGEE concurs with a separate opinion.

McGEE, Judge, concurring.

I concur in the majority opinion in full and write separately only to reiterate that our decision in this case should not be perceived as being inconsistent with the holding in *Watson v. Dixon*, 130 N.C. App. 47, 502 S.E.2d 15 (1998). To the extent that the *Watson* Court's statement that "Rules 50 and 59 of our Rules of Civil Procedure implicitly provide that these post-trial motions cannot be filed until after entry of judgment" was not necessary to a determination of the issue before the Court, *Watson*, N.C. App. at 51, 502 S.E.2d at 19, said statement was *dicta* and, therefore, is not binding on the specific issue addressed in Section IV.A. of the opinion in the present case.