This is an action to recover the balance due on the rent for the unexpired term of a lease executed by the plaintiff to the defendants, C. A. Gould, Marcus R. Field and Francis E. Field, for a lot of land situate in the village of Biltmore, N.C.
The lease is dated 13 August, 1923, and was for a term of eight years from its date. The rent at the rate of $250 per month was paid to 13 August, 1928. The defendants have failed to pay the rent which has accrued since said date. The amount now due is $9,000, less the sum of $40.00, which was collected by plaintiff as rent for the lot of land, after plaintiff took possession under the terms of the lease, upon the default of defendants in the payment of the rent.
Summons in this action was not served on the defendant, C. A. Gould, or on the defendant, Marcus R. Field. It was duly served on each of the other defendants, who filed answers to the complaint.
On 6 February, 1925, Marcus R. Field, as assignee of his colessees, executed a lease for the lot of land described in the lease from the plaintiff, to the defendant, T. A. Hair, and on 8 September, 1925, the defendant, T. A. Hair, executed a lease for said lot of land to the defendant, Pig and Whistle, Incorporated. Each of said sublessees agreed with his lessor to pay as rent for said lot of land the sum of $250 per month during the remainder of the term of the lease from the plaintiff to the defendant, C. A. Gould, Marcus R. Field and Francis E. Field. Neither of said sublessees have paid the rent which has accrued under their respective leases since 13 August, 1928.
Each of the answering defendants in his answer admitted the allegations of the complaint, and relied upon the counterclaim set up in his further answer. Neither defendant, however, offered evidence in support of his counterclaim.
At the close of all the evidence, the motions of the defendants, T. A. Hair and Pig and Whistle, Incorporated, for judgment as of nonsuit as against the plaintiff, and of the plaintiff for judgment as of nonsuit on the counterclaims set up in the further answers, were allowed.
The only issue submitted to the jury was answered as follows:
"In what amount, if any, are the defendants, or either of them, indebted to the plaintiff? Answer: $8,960, with interest as alleged in the complaint."
From judgment that plaintiff recover of the defendant, Francis E. Field, the sum of $8,960, with interest; that the defendant, Francis E. Field, recover of the defendant, T. A. Hair, the sum of $8,960, with interest, and that the defendant, T. A. Hair, recover of the defendant, *Page 729 
Pig and Whistle, Incorporated, the sum of $8,960, with interest, the defendants, Francis E. Field, T. A. Hair and Pig and Whistle, Incorporated, appealed to the Supreme Court.
The judgment in this action is supported by the verdict, construed in the light of the admissions in the pleadings and of the undisputed facts shown by all the evidence.
It is well settled that a verdict should be liberally and favorably construed with a view of sustaining it, if possible, and in ascertaining its meaning resort may be had to the pleadings, the evidence and the charge of the court. McIntosh N.C. Prac. Proc., p. 667, and cases cited in the note.
As construed in accordance with this rule, the verdict is sufficient to support the judgment. There was no error in the trial, and the judgment is affirmed.
No error.