JULIA SCARBOROUGH NICHOLSON, PLAINTIFF, v. JOSEPH LAWRENCE DEAN, DEFENDANT AND JOHN CLAYTON SMITH, EXECUTOR OF THE ESTATE OF HARTWELL VICK SCARBOROUGH, ADDITIONAL DEFENDANT.

(Filed 25 May, 1966.)

**1. Automobiles § 46.1— Adjudication that original defendant was not guilty of actionable negligence held to preclude additional defendant's cross-action.**

Where, in a passenger's action against the other driver involved in the collision, the personal representative of plaintiff's driver is joined as an additional defendant, and the additional defendant's cross-action for contribution is based upon identical allegations with respect to the original defendant's alleged negligence, and the court instructs the jury that a negative answer to the first issue as to the original defendant's negligence would terminate the case, *held*, a negative finding by the jury on the first issue adjudicates that the intestate of the additional defendant was not injured by the negligence of the original defendant, and the verdict supports judgment that there should be no recovery on the cross-action notwithstanding the absence of an answer to that specific issue.

**2. Trial § 42—**

A verdict should be liberally construed in the light of the pleadings, evidence and charge of the court, and when, so construed, it supports the judgment, the judgment will not be disturbed.

MOORE, J., not sitting.

APPEAL by additional defendant from *Riddle, J.,* October 18, 1965, Assigned Civil Session of WAKE.

On April 6, 1964, about 3:25 p.m., at the intersection of Glenwood Avenue and St. Mary's Street in Raleigh, there was a collision between a Rambler car operated by Hartwell Vick Scarborough (Scarborough) and a Dodge station wagon operated by Joseph Lawrence Dean (Dean). In approaching the intersection, the Rambler car was proceeding in an easterly direction on St. Mary's Street and the Dodge was proceeding in a southerly direction on Glenwood. Traffic at said intersection was controlled by automatic signal lights erected in accordance with a Raleigh ordinance.

As a result of said collision, plaintiff, a passenger in the Rambler, and Scarborough, the operator thereof, sustained personal injuries. Scarborough died April 17, 1964.

Plaintiff instituted this civil action to recover damages from Dean, original defendant, alleging Dean's negligence proximately caused the collision and plaintiff's injuries. Answering, Dean denied negligence and alleged, if he were adjudged actionably negligent in respect of plaintiff's injuries, Scarborough also was actionably negligent in respect thereof and in such event he was entitled to contribution from Scarborough's estate. On Dean's motion, John Clayton

Smith, Executor of the estate of Scarborough (Smith, Executor), was joined as (additional) defendant in respect of Dean's cross action for contribution as provided in G.S. 1-240.

Smith, Executor, answering Dean's cross complaint for contribution, denied the essential allegations thereof. In addition, he alleged a cause of action against Dean, alleging Dean's actionable negligence was the sole proximate cause of the collision and of Scarborough's injuries and death.

The evidence tending to support the allegations of plaintiff and of Smith, Executor, appears in the record under the heading, "ADDITIONAL DEFENDANT SMITH'S EVIDENCE." It includes plaintiff's personal testimony. Evidence was offered by Dean tending to support his allegations to the effect the collision was not caused by any actionable negligence on his part.

Evidence favorable to plaintiff and to Smith, Executor, tended to show Scarborough had the green light when he entered the intersection and that the Dodge entered the intersection when the red light confronted Dean. Evidence favorable to Dean tended to show Scarborough entered the intersection when confronted by the red light and that the Dodge entered the intersection shortly after the light confronting Dean had changed from green to yellow (caution). The evidence relevant to this main factual controversy was in sharp conflict.

The court submitted the following issues: "1. Was the plaintiff injured by the negligence of the defendant Joseph Lawrence Dean, as alleged in the complaint? 2. What amount of damages, if any, is plaintiff entitled to recover of the defendant Joseph Lawrence Dean? 3. Was the plaintiff injured by the negligence of the deceased Hartwell Vick Scarborough, as alleged in cross action of the defendant Joseph Lawrence Dean? 4. Was the deceased Hartwell Vick Scarborough injured and killed as a result of the negligence of the defendant Joseph Lawrence Dean, as alleged in the counterclaim of John Clayton Smith, Executor? 5. What amount of damages, if any, is the estate of Hartwell Vick Scarborough entitled to recover of the defendant Joseph Lawrence Dean?"

The jury answered the first issue, "No," and did not answer any other issue.

Based on said verdict, the court entered judgment as follows: "Now, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the plaintiff have and recover nothing of defendant Joseph Lawrence Dean and that John Clayton Smith, Executor of the estate of Hartwell Vick Scarborough, have and recover nothing of defendant Joseph Lawrence Dean; that the costs of this action be taxed against plaintiff by the Clerk." Smith, Executor, excepted and appealed.

*Crisp, Twiggs & Wells for additional defendant, appellant.*
*Teague, Johnson & Patterson for original defendant, appellee.*

BOBBITT, J.   Smith, Executor, is the appellant. Plaintiff did not appeal.

The court instructed the jury: "If you answer the first issue, 'No,' then that ends the lawsuit." Appellant assigns as error the quoted instruction. Appellant also assigns as error (a) the acceptance of the verdict and (b) the portion of the judgment denying, his right to recover from Dean. These assignments, relating to the failure of the jury to answer the fourth issue, will be considered together.

Plaintiff, in her action to recover for personal injuries, and appellant, in his action to recover for Scarborough's injuries and death, assert, as the sole basis therefor, injuries resulting from said collision. Dean's answer admitted "plaintiff sustained certain injuries in the collision complained of." Under appellant's allegations, Scarborough's injuries resulted from the identical collision.

Plaintiff, in her complaint, and appellant, in his complaint, alleged the collision was caused by the actionable negligence of Dean. The specifications of the alleged negligence of Dean in the two complaints are identical. The right of plaintiff and of appellant to recover from Dean was determinable by the same factual considerations and legal principles except that plaintiff's right to recover would not be affected by Scarborough's negligence, if any. In view of the identity in pleadings and evidence, the court properly explained to the jury in substance that both plaintiff and appellant were entitled to recover from Dean if the collision was caused solely by the negligence of Dean. This specific instruction was given: "If you answer the first issue, 'Yes,' and the third issue, 'No,' you answer the fourth issue, 'Yes,' and proceed to the damage issue—fifth issue."

The answer, "No," to the first issue necessarily includes a finding *that the collision* was not caused by the negligence of Dean as alleged in the complaint. This finding, considered with the pleadings and evidence, establishes that the collision resulting in Scarborough's injuries and death was not caused by the negligence of Dean as alleged in appellant's complaint against Dean. Since this was the legal effect of the jury's answer, "No," to the first issue, the failure of the court, or of the jury in compliance with a direction from the court, to write in the answer, "No," to the fourth issue was not prejudicial to appellant. The legal effect of the jury's answer, "No," to the first issue is determinative.

"It is well settled that a verdict should be liberally and favorably construed with a view of sustaining it, if possible, and in as-

certaining its meaning resort may be had to the pleadings, the evidence and the charge of the court." *Guy v. Gould,* 202 N.C. 727, 164 S.E. 120; *Widenhouse v. Yow,* 258 N.C. 599, 605, 129 S.E. 2d 306, and cases cited. When the verdict herein is so construed, we are of opinion, and so hold, the answer, "No," to the first issue established that neither plaintiff nor appellant was entitled to recover from Dean. The quoted instruction advised the jury in substance this would be the legal effect of answering the first issue, "No." For the reasons stated, the verdict supports the judgment.

The remaining assignments of error discussed in appellant's brief relate to the charge. These assignments and the (purported) exceptions on which they are based do not comply with statutory requirements as to exceptions (G.S. 1-282; *Rawls v. Lupton,* 193 N.C. 428, 137 S.E. 175) or with Rules 19(3) and 21 (Rules of Practice in the Supreme Court, 254 N.C. 783 *et seq.*). Even so, we have considered these assignments. Suffice to say, none discloses error considered of such prejudicial nature as to warrant a new trial.

No error.

MOORE, J., not sitting.