PAUL ALLEN v. AUBREY BRANNON.

(Filed 21 September, 1966.)

APPEAL by plaintiff from *Riddle, J.,* January 1966 Session of RUTHERFORD.

Action and cross action arising out of a collision between a pickup truck owned and operated by plaintiff and an automobile owned and operated by defendant. The collision occurred August 16, 1964, about 5:30 p.m., on U.S. Highway #221, a paved two-lane highway extending north from Spartanburg, S. C., to Rutherfordton, N. C. Plaintiff drove his truck north on #221 and turned from the highway to his right, entering the premises of Lancaster's Service Station. There plaintiff got gas. Later, he drove into said highway for the purpose of proceeding south thereon. Meanwhile, defendant was proceeding north on said highway.

Plaintiff's version: He had entered the highway and was proceeding south thereon on his right side of said highway when the northbound car of defendant crossed the center line and collided with his truck.

Defendant's version: As he approached the Lancaster Service Station, he observed plaintiff's truck come to the highway and stop. Thereafter, plaintiff's truck entered the highway across defendant's line of travel when defendant was so close he was unable to avoid a collision notwithstanding he put on brakes and attempted to do so.

The jury answered two issues, to wit: "1. Was the plaintiff in-

jured, and was plaintiff's automobile damaged by the negligence of the defendant, as alleged in the Complaint? ANSWER: YES. 2. Was the defendant injured, and was defendant's automobile damaged by the negligence of the plaintiff, as alleged in the Answer? ANSWER: YES." Other issues, relating solely to damages, were not answered.

The court entered judgment (1) that plaintiff have and recover nothing of defendant, and that plaintiff pay the costs of the action, and (2) that defendant have and recover nothing of plaintiff.

Defendant excepted and appealed.

*Hamrick & Hamrick for plaintiff appellant.*
*Hamrick & Jones for defendant appellee.*

PER CURIAM. When considered in relation to the pleadings and the charge, the only reasonable interpretation of the verdict is that the jury found that the collision and all resulting damages were caused by the actionable negligence of defendant and by the actionable negligence of plaintiff. Hence, the verdict supports the judgment. See *Nicholson v. Dean,* 267 N.C. 375, 148 S.E. 2d 247, and cases cited.

There was no objection by plaintiff to the issues as submitted. Plaintiff, by exceptions to the charge, *undertakes* to challenge the sufficiency of the evidence to warrant submission of the second issue. However, careful examination of the evidence compels the conclusion that, when considered in the light most favorable to defendant, it was sufficient to require submission of the second issue and to support the jury's verdict with reference thereto.

Each of plaintiff's assignments of error has received careful consideration. In our view, none discloses prejudicial error. The verdict and judgment will not be disturbed.

No error.