MELVIN CHARLES STRUM, A/K/A CHUCK STRUM, AN INDIVIDUAL AND MARTIN KIMSEY AND VICTORIA KIMSEY, INDIVIDUALS, D/B/A REMAX IN THE MOUNTAINS v. GREENVILLE TIMBERLINE, LLC, D/B/A TIMBERLINE LAND COMPANY OF GREENVILLE, NC LLC

No. COA06-1660

(Filed 6 November 2007)

**1. Jury— verdict—inconsistencies—surplusage**

The trial court did not abuse its discretion by denying plaintiffs' motion for a new trial based on the jury's failure to follow the judge's instructions where the jury had been instructed that plaintiffs could not recover for both breach of contract and implied contract and the jury answered issues as to implied contract even though it found that there was an express contract. The inconsistent answers were disregarded as surplusage; moreover, there was no inconsistency in the actual verdict in that each of those issues was answered for defendant and it was clear from the face of the verdict that the jury believed that plaintiffs should not prevail.

**2. Real Property— action for commission—authority to sign agreement**

The evidence was sufficient to support a jury verdict for defendant in an action to collect a real estate commission where there was competent evidence that the person who signed the Buyer Agency Agreement did not have the authority to bind defendant and defendant's name did not appear on the document.

Appeal by plaintiffs from judgment entered 31 October 2005 and orders entered 3 January 2006 by Judge James U. Downs in Macon County Superior Court. Heard in the Court of Appeals 23 August 2007.

*David A. Sawyer, for plaintiffs-appellants.*

*Ridenour, Lay & Earwood, P.L.L.C., by Eric Ridenour and J. Hunter Murphy, for defendant-appellee.*

STEELMAN, Judge.

The trial court did not abuse its discretion in denying plaintiffs' motion for new trial or to alter or amend the verdict where the jury's failure to follow the court's instructions did not render the verdict improper, and where there was competent evidence to support the verdict.

## I. Factual Background

Plaintiff Melvin Charles "Chuck" Strum ("Strum") is a realtor associated with ReMax in the Mountains ("ReMax"), a real estate company in western North Carolina owned by plaintiffs Marty and Vickie Kinsey. On 4 December 2002, Strum and ReMax entered into a Buyer Agency Agreement ("Agreement") with Steve Lewis ("Lewis"). The Agreement was signed by Lewis individually with no reference to Timberline Land Company of Greenville, N.C., L.L.C. ("defendant"). It related to 615 acres of land located in Carteret County, North Carolina owned by Weyerhaeuser Company Foundation ("Weyerhaeuser"). At the time that the Agreement was signed, Lewis was a Vice-President of defendant. The services to be performed by Strum and ReMax under the terms of the Agreement included negotiating a reduction in Weyerhaeuser's asking purchase price of $3.6 million for the property. Plaintiffs were to receive a 5% commission based on the final purchase price. Approximately three months after the Agreement was signed, Strum negotiated a reduction in the purchase price from $3.6 million to $2.1 million. On 5 May 2003 an agree-

ment was entered into between defendant and Weyerhaeuser to purchase the 615 acres for $2.1 million. No commission was paid by defendant arising out of this transaction, which was consummated on 25 July 2003.

On 25 August 2004, plaintiffs filed a complaint in the Superior Court of Macon County seeking to recover a commission of $105,000.00 from defendant. The case was heard 19 through 21 October 2005 before Superior Court Judge James U. Downs and a jury. On 21 October 2005 the jury returned a verdict in favor of defendant.

On 8 November 2005, plaintiffs filed a motion for a new trial or to alter or amend the judgment. This motion was heard on 28 November 2005. On 3 January 2006, the trial court denied the motion. Plaintiffs appeal.

## II. Denial of Motion for New Trial or To Alter or Amend the Judgment

[1] Plaintiffs contend that the trial court erred in denying their motion for a new trial or to alter or amend the judgment under Rule 59(a)(5) or (7) of the North Carolina Rules of Civil Procedure. We disagree.

N.C. Gen. Stat. § 1A-1, Rule 59 (2005) states, in part:

New Trials; amendment of judgments.

(a) *Grounds.*—A new trial may be granted to all or any of the parties and on all or part of the issues for any of the following causes or grounds:

. . .

(5) Manifest disregard by the jury of the instructions of the court;

. . .

(7) Insufficiency of the evidence to justify the verdict or that the verdict is contrary to law[.]

The decision to grant a new trial pursuant to a Rule 59(a) motion is within the discretion of the trial court. *Young v. Lica*, 156 N.C. App. 301, 304, 576 S.E.2d 421, 423 (2003) (citation omitted). The court's decision will not be disturbed unless it is:

[M]anifestly unsupported by reason, or so arbitrary that it could not have been the result of a reasoned decision. A trial judge's decision only amounts to an abuse of discretion if there is no rational basis for it.

*State v. Mutakbbic*, 317 N.C. 264, 274, 345 S.E.2d 154, 158-59 (1986) (internal citations omitted) (internal quotes omitted).

### A. Manifest Disregard of Jury Instructions

Plaintiffs first argue that the jury disregarded the instructions of the court, that the verdict on its face reflects this disregard, and that they are entitled to a new trial under Rule 59(a)(5).

"It is well settled that a verdict should be liberally and favorably construed with a view of sustaining it, if possible. . ." *Guy v. Gould*, 202 N.C. 727, 729, 164 S.E. 120, 121 (1932) (citation omitted). Courts have held that where a jury's answers to issues are "are so contradictory as to invalidate the judgment, the practice of the Court is to grant a new trial . . . because of the evident confusion." *Palmer v. Jennette*, 227 N.C. 377, 379, 42 S.E.2d 345, 347 (1947) (citations omitted).

In the instant case, eight issues were submitted to the jury:

1. Did the Plaintiffs and Steve Lewis enter into a real estate agency contract regarding the purchase of a tract of land in Carteret County known as Weyerheuser [sic] Carteret Number 15?

   If you answered Issue One "Yes" then proceed to Issue Two. If you answer Issue One "No" then move to Issue Five.

2. Was Steve Lewis at and in respect of that time authorized to act and contract on behalf of the Defendants?

   If you answer Issue Two "No" then do not answer Issue Three.

3. Did the Defendants breach the contract with the Plaintiffs?

4. What amount of damages are the Plaintiffs entitled to recover from the Defendants?

5. Did the Plaintiffs render services as real estate agents for Steve Lewis under such circumstances that the said Steve Lewis should be required to pay for them?

6. Was Steve Lewis at and in respect of time authorized to receive and engage the Plaintiffs' services on behalf of the Defendants?

7. If the answer to Issue Number Six is no, did the Defendants ratify the agreement to pay for the Plaintiffs' services entered into by Plaintiffs and Steve Lewis?

8. What amount of damages are the Plaintiffs entitled to recover from Defendants?

The court instructed the jury that the first four issues pertained to plaintiffs' claim for breach of contract, and that the second four issues dealt with plaintiffs' claims for implied contract, and that plaintiffs could not recover under both theories. The jury was instructed that if it answered the first four issues in favor of the plaintiff, they should not consider issues five through eight. The jury was further instructed that if it answered the first issue "no," then it should skip issues two through four and proceed to issue five. Finally, the court instructed the jury that a negative answer to issue two ended the lawsuit and the jury was not to consider the remaining issues.

The jury answered the first issue "yes" and the second issue "no." The jury then proceeded to answer issues five through eight as follows:

|              |       |
|--------------|-------|
| Issue Five:  | Yes.  |
| Issue Six:   | No.   |
| Issue Seven: | No.   |
| Issue Eight: | $0.   |

Although the trial court noted the inconsistency in the jury's verdict, it treated the answers to issues five through eight as surplusage.

We hold that the answers to issues five through eight were mere surplusage. After answering issue two "no," the lawsuit was over. *See Nicholson v. Dean*, 267 N.C. 375, 378, 148 S.E.2d 247, 250 (1966) (finding the legal effect of a jury's answer to the first issue determinative).

We note that even though the jury ignored the judge's instructions in answering issues five through eight, the verdict was consistent; each of the six issues that was answered by the jury was answered in favor of defendant. It is clear from the verdict on its face that the jury believed that plaintiffs should not prevail. The trial court did not abuse its discretion in denying plaintiffs' motion for a new trial due to the jury's disregard of the court's instructions.

## B. Insufficiency of the Évidence to Justify the Verdict

**[2]** Plaintiffs further argue that the jury verdict is contrary to the greater weight of the evidence, and that they are entitled to a new trial pursuant to Civil Procedure Rule 59(a)(7).

Rule 59(a)(7) permits a new trial to be granted for "[i]nsufficiency of the evidence to justify the verdict." The term "insufficiency of the evidence" means that the verdict is against the greater weight of the evidence. *In re Will of Buck*, 350 N.C. 621, 624, 516 S.E.2d 858, 860 (1999) (citation omitted). "It is the jury's function to weigh the evidence and to determine the credibility of witnesses," *Anderson v. Hollifield*, 345 N.C. 480, 483, 480 S.E.2d 661, 664 (1997), and the trial court should set aside a jury verdict only in "those exceptional situations where the verdict . . . will result in a miscarriage of justice." *Buck*, 350 N.C. at 628, 516 S.E.2d at 862. Appellate review of a court's granting or denying a motion for a new trial is limited to whether the record demonstrates an abuse of discretion by the court. *Id.* at 625, 516 S.E.2d at 861. (citation omitted).

The record reveals that competent evidence was presented at trial to support the jury's finding that Lewis was not an agent of defendant. Lewis individually executed the Agreement, without any reference to any representative capacity. Defendant's name does not appear on the document. One of defendant's officers, Auddie "Cliff" Brown, testified that Lewis lacked the requisite authority to bind defendant to the Agreement.

The trial court did not abuse its discretion in denying plaintiffs' motion for a new trial or to alter or amend the judgment. This argument is without merit.

AFFIRMED.

Judges ELMORE and STROUD concur.