IN THE SUPREME COURT OF NORTH CAROLINA

No. 518PA13

FILED 10 April 2015

SHEENA MOODY WARD,
                    Plaintiff

          v.

LUIS ENRIQUE CARMONA,
               Defendant and Third-Party Plaintiff

          v.

JUSTIN MICHAEL WARD,
               Third-Party Defendant


On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous, unpublished decision of the Court of Appeals, ___ N.C. App. ___, 752 S.E.2d 260 (2013), affirming the trial court's judgment entered on 6 August 2012 and an order entered on 9 August 2012, both by Judge Christine M. Walczyk in District Court, Wake County. Heard in the Supreme Court on 9 September 2014.

*E. Gregory Stott for plaintiff-appellant and third-party defendant-appellant.*

*Brown, Crump, Vanore & Tierney, L.L.P., by Orlando L. Rodriguez, for defendant/third-party plaintiff-appellee.*

BEASLEY, Justice.

We consider whether the Court of Appeals erred in affirming[1] the trial court's denial of plaintiff's claim for damages when a jury found defendant and third-party

---

[1] We use the term "affirm" noting that the Court of Appeals used "no error" in its opinion.

defendant were both negligent in the operation of their vehicles and whether the Court of Appeals created a new theory of motor vehicle law. Because there was sufficient evidence from which the jury could have found both defendant and third-party defendant negligent, the Court of Appeals properly affirmed the trial court's denial of plaintiff's claim and dismissal of plaintiff and third-party defendant's motion for a new trial. We affirm.

This action arose out of an automobile collision in which plaintiff's son, third-party defendant, Justin Michael Ward (hereinafter "Ward"), operated a 1991 Mercedes owned by his mother, plaintiff Sheena Moody Ward on 5 January 2011 at approximately 6:00 p.m.[2] At the time, Ward traveled east on Spring Forest Road in Raleigh, North Carolina. At the same time, defendant, Luis Enrique Carmona (hereinafter "defendant"), operated a 1999 Plymouth van traveling west on Spring Forest Road. These two vehicles collided in the intersection of Spring Forest Road and Departure Drive. Plaintiff filed suit on 15 March 2011 against defendant seeking damages for his alleged negligence. On 26 May 2011, defendant filed an answer and third-party complaint, naming Ward as a third-party defendant.

Ward testified to the following during trial. He stated that he intended to make a left turn at a traffic light at the intersection of Departure Drive and Spring Forest Road. Ward stated in his testimony that as he approached the intersection of Spring

---

[2] Although we recognize that plaintiff owned the 1991 Mercedes, for ease of reading, we refer to the vehicle as Ward's vehicle.

Forest Road and Departure Drive, the traffic light was green. To determine whether it was safe to make a left turn, he testified that he came to a complete stop at some point at or in the intersection. After Ward waited at the traffic light for several seconds, the traffic light changed to red. Ward testified his view of oncoming traffic was unobstructed. When he attempted to turn left, Ward knew the traffic light was red. As Ward attempted to complete a left turn onto Departure Drive, Ward's vehicle and defendant's vehicle collided in the intersection.

There were inconsistencies in defendant's testimony regarding the color of the traffic light when he proceeded through the intersection. On direct and cross-examination, defendant repeatedly testified that the light was green as he entered the intersection; however, on cross-examination, at the request of plaintiff's attorney, defendant read his response to a previous interrogatory in which he stated that the light "turned yellow when [he] was approximately eight (8) feet away" from the intersection. Additionally, several exhibits offered by defendant were admitted into evidence. A jury found both defendant and Ward negligent and denied plaintiff any relief. As a result, the trial court ordered that plaintiff recover nothing in a 6 August 2012 amended judgment. The trial court also denied plaintiff and Ward's motion for a new trial. Plaintiff and Ward both appealed the judgment and the order denying their motion for a new trial to the Court of Appeals.

In its opinion, the Court of Appeals affirmed the trial court's order denying the motion for a new trial, concluding that there was sufficient evidence for a jury to find

both defendant and Ward negligent. *Ward v. Carmona,* ___ N.C. App. ___, 752 S.E.2d 260, 2013 WL 5629388 at *10 (2013) (unpublished). Plaintiff and Ward petitioned this Court for discretionary review which was allowed on 6 March 2014.

This appeal raises two issues: (1) whether the jury's verdict finding that both defendant and Ward negligently operated their vehicles was contrary to the greater weight of the evidence and, therefore, erroneous as a matter of law, and (2) whether the opinion of the Court of Appeals created a new theory of motor vehicular negligence. We answer these questions in the negative.

The Court of Appeals correctly upheld the jury's verdict finding both defendant and Ward negligent in the operation of their respective vehicles. To prove negligence, a plaintiff must show: "First that there has been a failure to exercise proper care in the performance of some legal duty which the defendant owed the plaintiff . . . and, second that such negligent breach of duty was the proximate cause of the injury—a cause that produced the result in continuous sequence and without which it would not have occurred, and one from which any man of ordinary prudence could have foreseen that such a result was probable under all the facts as they existed." *Mattingly v. N.C. R.R. Co.*, 253 N.C. 746, 750, 117 S.E.2d 844, 847 (1961)(citation omitted).

The function of the jury is to weigh the evidence and determine the credibility of any witnesses. *Strum v. Greenville Timberline, LLC*, 186 N.C. App. 662, 667, 652 S.E.2d 307, 310 (2007) (citing *Anderson v. Hollifield*, 345 N.C. 480, 483, 480 S.E.2d

661, 664 (1997)); *Brown v. Brown*, 264 N.C. 485, 488, 141 S.E.2d 875, 877 (1965) (per curiam) (Jurors are the sole judges of the witnesses' credibility and have a right to believe all, part, or none of the testimony.). The testimonial and demonstrative evidence presented by defendant and Ward created issues of fact that were submitted to and decided by the jury as the finder of fact. The jury found both defendant and Ward negligent.

Plaintiff argues that there was no competent evidence to support the jury's finding that both drivers were negligent in the operation of their vehicles. By hearing the testimony and viewing the exhibits admitted at trial, however, the jury was in the best position to weigh the evidence. Ultimately, the issue of whether Ward or defendant or both were negligent is a decision for the jury. As to Ward, evidence was conflicting regarding when he entered the intersection and whether he should have seen the other driver. As to defendant, evidence was conflicting on the color of the light when he entered the intersection. Considering the evidence presented by both parties, including the testimonies of Ward and defendant, we hold that there was sufficient evidence from which a jury could impute negligence to both defendant and Ward in the operation of their vehicles.

Additionally, plaintiff incorrectly argues that the Court of Appeals created a new theory of motor vehicle negligence inconsistent with North Carolina motor vehicle law. Specifically, plaintiff argues that the holding in *Cicogna v. Holder*

controls and that the judgment and rulings of the trial court are inconsistent with

*Cicogna.*  345 N.C. 488, 480 S.E.2d 636 (1997).

In its opinion, in the case *sub judice*, the Court of Appeals stated

> Drivers approaching an intersection have a duty "to maintain a lookout and to exercise reasonable care under the circumstances." *Hyder v. Asheville Storage Battery Co.*, 242 N.C. 553, 557, 89 S.E.2d 124, 128 (1955).  Failure to do so "is likely to endanger the safety of persons and property."  N.C. Gen. Stat. § 20-4.23(a)(2) (2011).
>
> When drivers approach a green traffic signal at an intersection they must keep "a reasonable lookout for vehicles in or approaching the intersection at excessive speed."  *Hyder*, 242 N.C. at 557, 89 S.E.2d at 128.  They have a duty to "anticipate and expect the presence of others."  *Id.*  Drivers "cannot go forward blindly even in reliance on traffic signals."  *Id.*  Furthermore, "[a]ny person who undertakes to drive a motor vehicle upon a highway must exercise reasonable care to ascertain that such movement can be made in safety before he turns to the right or left from a direct line."  *Wiggins v. Ponder*, 259 N.C. 277, 279, 130 S.E.2d 402, 404 (1963) (emphasis added); *see also* N.C. Gen. Stat. § 20-154(a) (2011).

*Ward,* 2013 WL 5629388 at *4.  We emphasize that this analysis by the Court of

Appeals must not be interpreted to contradict N.C.G.S. § 20-158 or impose a duty not

intended by the statute.  That statute provides, in relevant part, that "[w]hen a traffic

signal is emitting a steady red circular light controlling traffic approaching an

intersection, an approaching vehicle facing the red light shall come to a stop and shall

not enter the intersection."  N.C.G.S. § 20-158(b)(2)(a) (2014).

Plaintiff is correct in stating that N.C.G.S. § 20-158(b)(2)(a) permits vehicles

approaching an intersection with a red circular light to make a right turn; however,

this statutory provision allows a driver to make a right turn on red only if the intersection is clear. *Id.* § 20-158(b)(2)(b)(2014). Here Ward was attempting to make or complete a left turn on a red circular light. If Ward entered the intersection while the circular light was green and the light turned red, he was permitted to complete his turn to exit the intersection and avoid blocking traffic as long as he "maintain[ed] a lookout" and "exercise[d] reasonable care under the circumstances." *Hyder*, 242 N.C. at 557, 89 S.E.2d at 128. If Ward had not yet entered the intersection when the light turned red, he had a duty to stop.

In *Cicogna*, this Court held that when the plaintiff had not been "put . . . on notice" that the defendant would not obey the traffic light, the trial court should not have given a contributory negligence instruction to the jury. 345 N.C. at 489, 480 S.E.2d at 637. There, while operating her vehicle, the plaintiff stopped for a red traffic signal. *Id.* at 489, 480 S.E.2d at 636. When the traffic signal facing her turned green, the plaintiff started into the intersection, at which time the defendant struck her vehicle from the left. *Id.* The plaintiff testified that "she looked both ways and did not see the defendant's vehicle although he was 'right there.'" *Id.* The defendant did not introduce any evidence at trial. 345 N.C. at 489, 480 S.E.2d at 637. The trial court submitted the issue of contributory negligence to the jury despite the plaintiff's objection. *Id.* The jury found in favor of the defendant, and the plaintiff appealed. *Id.* This Court held that contributory negligence should not have been submitted to the jury because there was "no evidence in this case that there was anything that

would have put the plaintiff on notice that the defendant would not obey the traffic light." *Id.*

Plaintiff argues here that no evidence indicated Ward was on notice that defendant would proceed through the intersection. But plaintiff's reliance on *Cicogna* is misplaced.

The undisputed evidence presented in *Cicogna* showed that the plaintiff had a green traffic light and proceeded straight into the intersection as allowed under North Carolina law. The defendant approached from the plaintiff's left. These important distinctions show *Cicogna* is not controlling. Therefore, contrary to plaintiff's assertions in this case, the Court of Appeals does not create a new theory of motor vehicle negligence inconsistent with North Carolina statutes and case law.

We hold that the Court of Appeals correctly affirmed the trial court's judgment denying plaintiff's claim for damages and the trial court's order denying plaintiff and Ward's motion for a new trial.

AFFIRMED.

Justice ERVIN did not participate in the consideration or decision of this case.