DILLON, Judge, dissenting.
My vote is to affirm Judge Grant's order denying Defendant's motion for appropriate relief ("MAR"). Therefore, I respectfully dissent.
Defendant was charged with the murder of Ernest Bennett, who was shot and killed at a nightclub. At Defendant's trial, the State's evidence included the testimony of two eyewitnesses, both of whom stated that they saw Defendant shoot the victim. Defendant's evidence included the testimony of an eyewitness who stated that he saw another man, Demetrius Jordan, shoot the victim. The jury found Defendant guilty, and Defendant's conviction was upheld by this Court in a prior appeal.
More recently, Defendant filed an MAR for a new trial. Defendant's MAR was denied by the trial court, and Defendant appealed.
Defendant's arguments at his MAR hearing and on appeal concern an alleged conversation that one of Defendant's attorneys, Teresa Smallwood, had with one of the State's witnesses prior to trial. On direct, after the State witness testified that he saw Defendant shoot the victim, he further testified that he had spoken with Ms. Smallwood about the *69 shooting prior to the trial. Ms. Smallwood cross-examined the State witness about the prior conversation, suggesting during her questioning that the State witness had told her that he had seen Demetrius Jordan, and not Defendant, shoot the victim. Ms. Smallwood also attempted to show the State witness her "notes" from their alleged conversation; however, the trial court did not allow her to do so. Throughout Ms. Smallwood's cross-examination, the State witness remained steadfast in his testimony that he saw Defendant kill the victim.
Defendant essentially argues two points in this MAR phase. First, he makes an "exculpatory witness claim," contending that Ms. Smallwood should have withdrawn and then offered testimony to impeach the testimony of the State witness. Second, he makes an *323 ineffective assistance of counsel ("IAC") claim, contending that Ms. Smallwood should have withdrawn and testified and that his appellate attorney failed to argue this point in the first appeal.
I. Exculpatory Witness Claim
The State contends that Defendant's exculpatory witness claim is procedurally barred because the claim could have been raised in Defendant's prior appeal. The majority concludes that Defendant did raise this claim, though inartfully, in his appellate brief in the prior appeal. However, our Court apparently did not recognize that the claim was being argued in the prior appeal, as our Court did not address the claim in its opinion.
My view is that Defendant's exculpatory witness claim is barred in either case. That is, if Defendant's "inartful" brief failed to make an exculpatory witness claim, then Defendant is procedurally barred because he could have raised it. Alternatively, if Defendant's brief did raise an exculpatory witness claim, Defendant is still procedurally barred because he failed to raise it through a petition for rehearing to this Court following the issuance of our prior opinion, which ostensibly ignored his claim. Our Appellate Rule 31 provides that a party may file a petition for rehearing after an opinion to argue "the points of fact or law that, in the opinion of the petitioner, the [Court of Appeals] overlooked or misapprehended and shall contain such argument in support of the petition as petitioner desires to present." N.C. R. App. P. 31. However, Defendant did not petition this Court for rehearing to consider his exculpatory witness claim that he now contends we overlooked.
Defendant argues that he was still entitled to have his exculpatory witness claim reviewed in an MAR hearing, notwithstanding that he could have raised it in the prior appeal. Specifically, he contends that *70 the trial court's failure to review his claim resulted in a fundamental miscarriage of justice. We disagree.
Here, Defendant has failed to establish that "more likely than not, but for the error, no reasonable fact finder would have found the defendant guilty of the underlying offense[.]" N.C. Gen. Stat. § 15A-1419(e)(1). As discussed more fully in the IAC section below, Defendant did not present evidence to show exactly what Ms. Smallwood would have said had she taken the stand. Even if she had testified that she remembered the State witness informing her that he did not see Defendant shoot the victim, I believe that it still would not have been unreasonable for the jury to convict. The jury could have lent very little weight to Ms. Smallwood's testimony; see Ward v. Carmona , 368 N.C. 35, 37, 770 S.E.2d 70, 72 (2015) ("The function of the jury is to weigh the evidence and determine the credibility of any witnesses."); for instance, her timesheets do not reflect that she had any interaction with the State witness on the day that her "notes" indicate that she met with him. In addition, the testimony of the State witness was corroborated by the testimony of another eyewitness.
II. Ineffective Assistance of Counsel Claim
I do not believe that the trial court erred in its conclusion regarding Defendant's IAC claims. Defendant failed to present evidence at the MAR hearing to show a reasonable probability that a different result would have occurred had Ms. Smallwood withdrawn and then attempted to testify or had his appellate counsel filed a petition for rehearing with this Court to consider his exculpatory witness claim.
To establish reasonable probability, it was Defendant's burden at the MAR hearing to show exactly what the substance of Ms. Smallwood's testimony would have been. Otherwise, it is impossible on review to determine whether Ms. Smallwood's testimony would have been admissible and what impact it might have had. But as Judge Grant points out in his Order, Defendant did not present Ms. Smallwood as a witness at the MAR hearing. No one else testified at the MAR hearing with any detail as to what Ms. Smallwood would have stated had she been allowed to take the stand. There is no competent evidence in the record to demonstrate that Ms. Smallwood had any independent recollection that the State witness told her that he saw someone other than Defendant kill the victim or whether her "notes" from *324 the alleged conversation would have refreshed her memory. It may be that Ms. Smallwood would have offered admissible, persuasive testimony to impeach the State witness. *71 However, Defendant simply failed to meet his burden of proof to show as much at the MAR hearing.
At the MAR hearing, Defendant did offer a copy of the "notes" which Ms. Smallwood attempted to show the State witness at trial. However, these notes are not admissible to show how Ms. Smallwood might have testified. The notes do not suggest that the State witness told Ms. Smallwood that he saw Demetrius Jordan fire the fatal shot. Rather, the notes suggest, at best, that the State witness told Ms. Smallwood that he did not see who fired the fatal shot, after Demetrius Jordan had fled the scene.[2]
I conclude that Judge Grant's conclusions are supported by his findings. Accordingly, my vote is to affirm the trial court's order.

The State stresses that Judge Grant found that Defendant, at the MAR hearing, failed to produce any credible evidence that the alleged conversation between Ms. Smallwood and the State witness ever took place. However, I do not view as relevant whether Judge Grant believed the conversation took place. Rather, what is relevant is how Ms. Smallwood would have testified concerning the alleged conversation, leaving it to the jury to make any credibility determination regarding what, if anything, the State witness told Ms. Smallwood prior to trial.