**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-1225**

PLS INVESTMENTS, LLC,

        Plaintiff - Appellant,

      v.

OCWEN LOAN SERVICING, LLC; HSBC BANK USA, National Association as Trustee for Fremont Home Trust 2004-B Asset Backed Certificates, Series 2004-B; REAL HOME SERVICES AND SOLUTIONS, INC.,

        Defendants - Appellees.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. David C. Keesler, Magistrate Judge. (5:14-cv-00139-DCK)

Submitted: September 28, 2017              Decided: October 17, 2017

Before NIEMEYER, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John G. Vannoy, Jr., Daniel S. Johnson, VANNOY, COLVARD, TRIPLETT & VANNOY, PLLC, North Wilkesboro, North Carolina, for Appellant. Marc James Ayers, Birmingham, Alabama; Brian M. Rowlson, Charlotte, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

PLS Investments, LLC ("PLS") brought this diversity action against HSBC Bank, USA, National Association ("HSBC"), Ocwen Loan Servicing, LLC ("Ocwen"), and REALHome Services and Solutions, Inc. ("RHSS"), alleging that Defendants wrongfully caused PLS's parcel of real property to be listed on various real estate websites at a steep discount, resulting in significant diminution in the parcel's value. PLS pleaded claims of negligence and gross negligence, as well as a violation of North Carolina's Unfair and Deceptive Trade Practices Act (UDTPA), N.C. Gen. Stat. § 75-1.1 (2015). Defendants moved for summary judgment, arguing that PLS failed to adduce evidence that Defendants actually listed PLS's property for sale. The magistrate judge[*] agreed, granted the motion, and dismissed the complaint. PLS timely appealed, and we affirm.

We review a district court's grant of summary judgment de novo, "viewing all facts and reasonable inferences therefrom in the light most favorable to the nonmoving party." *Heyer v. U.S. Bureau of Prisons*, 849 F.3d 202, 208 (4th Cir. 2017) (internal quotation marks omitted). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

To prevail on a claim of negligence in North Carolina, a plaintiff must establish the essential elements of duty, breach, proximate cause, and damages. *See Ward v.*

---

[*] The parties consented to the jurisdiction of a magistrate judge. 28 U.S.C. § 636(c) (2012).

2

*Carmona*, 770 S.E.2d 70, 72 (N.C. 2015). To prove gross negligence, a plaintiff must show that the defendant acted "purposely and with knowledge that such act [was] a breach of duty to others." *Ray v. N.C. Dep't of Transp.*, 727 S.E.2d 675, 684 (N.C. 2012) (internal quotation marks omitted). And to demonstrate a violation of the UDTPA, a plaintiff must establish "that (1) the defendants committed an unfair or deceptive act or practice, or an unfair method of competition, (2) in or affecting commerce, (3) which proximately caused actual injury to the plaintiff[] or to the plaintiff['s] business." *Walker v. Sloan*, 529 S.E.2d 236, 243 (N.C. Ct. App. 2000); *see* N.C. Gen. Stat. § 75-1.1.

This case arises out of the sale of three adjacent parcels of land, all of which share the same street address. PLS purchased one of the parcels, which contained a house, for $1.18 million ("the PLS property"), and endeavored to sell this property within a year of purchase. HSBC acquired the other two parcels, which were unimproved lots, in a foreclosure sale for approximately $705,000 ("parcel 6A" and "parcel 6B").

According to PLS, in Defendants' efforts to sell parcel 6B, Defendants actually listed the PLS property for sale on Hubzu.com ("Hubzu") at a price far below its market value. This false listing then spread to other real estate websites, thereby allegedly damaging the value of the PLS property. However, despite extensive discovery, PLS did not produce the offending Hubzu listing. While the record reveals some confusion stemming from the fact that the parcels share the same street address, PLS failed to identify any evidence that Defendants marketed the PLS property. Rather, the two listing agreements entered into by Ocwen, HSBC's loan serving company, and RHSS, a real estate brokerage company, specifically reference parcel 6B as the property to be listed for

3

sale. Without any proof that Defendants listed the PLS property on Hubzu, PLS cannot establish the existence of a genuine issue of material fact as to negligent acts committed by Defendants. Moreover, as the magistrate judge held, PLS also failed to present triable issues of fact relating to causation and damages. For several years, both before and after HSBC attempted to sell parcel 6B, PLS consistently listed its property for roughly 50 per cent more than its appraised value, and consequently received little interest from prospective buyers. And while PLS's owners estimated that the PLS property's value dropped by approximately $400,000 to $500,000 as a result of Defendants' alleged negligence, the court correctly characterized this as unsupported speculation insufficient to permit a factfinder "to arrive at a reasonable conclusion." *Weyerhaeuser Co. v. Godwin Bldg. Supply Co.*, 234 S.E.2d 605, 607 (N.C. 1977) (internal quotation marks omitted). Thus, we conclude that the magistrate judge properly dismissed PLS's claim for negligence. Because PLS's causes of action for gross negligence and a violation of the UDTPA require even greater proof of Defendants' alleged misconduct, we find that the court properly dismissed these claims as well.

Accordingly, we affirm the order of the magistrate judge. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4